948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ernest WHEELER, Petitioner,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, and
Director, Office of Workers Compensation Programs,
U.S. Department of Labor, Respondents.
 No. 90-1271.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 4, 1991.
 
 Before HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was considered on the record of the Benefits Review Board and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review be denied for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 The record in this case warrants the conclusion that the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence and was not otherwise contrary to law. See Randall v. Comfort Control, 725 F.2d 791, 796 (D.C.Cir.1984).
 
 
 5
 Specifically, the medical evidence reveals that none of the doctors who evaluated Wheeler following his June 1979 injury reported any objective findings which would support the conclusion that Wheeler is disabled. Furthermore, the ALJ's decision to credit the reports of Drs. Jenkins, Feffer and Rockower over those of Drs. Dennis and Horwitz is supported by substantial evidence. Between June 1979 and 1987, Dr. Dennis reported no objective physical findings. As the ALJ noted, Dr. Dennis' opinion that Wheeler is entitled to a 5% disability rating was based on findings made in March 1979, three months prior to the injury which is at issue in this petition for review. It is the province of the ALJ to weigh contradictory evidence and reach an ultimate conclusion as to the facts. Director, OWCP v. Brandt Airflex Corp., 645 F.2d 1053, 1057 (D.C.Cir.1981).
 
 
 6
 Finally, in light of the entire record, and particularly in view of the fact that none of Wheeler's doctors reported any objective physical findings, the ALJ's determination that Wheeler's pain symptoms are not disabling is supported by substantial evidence.